CHARLES GEHRING and FELIX SCHAIBLE, trading as GEHRING & SCHAIBLE *vs.* CHRISTOPHER PFROMMER.

New Castle County, November Term, 1894.

**Justice of the Peace. Certiorari.**—The statement of the plaintiff not under oath is sufficient to warrant the issue of summons returnable forthwith, if the Justice is satisfied therewith.

**Holiday.**—Decoration Day (May 30), although a legal holiday, is not a *dies non* so as to invalidate the return of a summons or judgment entered on that day.

This was a *certiorari* to John A. Kelley, a Justice of the Peace, on a judgment rendered on a forthwith summons, May 30, 1894.

The Justice's record showed that " the plaintiff makes statement satisfactory to the Justice of the Peace that there is danger of losing the benefit of his process by delay. I thereupon issue summons to Thomas Reardon, constable, May 30th, A. D. 1894, made returnable *forthwith*. Constable returns served personally May 30th, A. D. 1894, and this is verified by his affidavit." The record further proceeds to set forth the rendition of judgment on

the above mentioned date in favor of the plaintiff, Pfrommer, the defendants not appearing, for $11.96.

*Whiteman*, for the defendant below, filed the following exceptions to the record of the Justice:

"First. That the writ of summons was issued returnable forthwith, on the statements merely of the plaintiff that there was danger of losing the benefit of his process by delay, without the oath or affirmation of the party, and without the Justice being otherwise satisfied that such was the case, as is required by law.

"Second. That the Justice's record shows that the writ of summons was issued returnable forthwith, on the thirtieth day of May A. D. 1894, the same being a *dies non juridicus*."

Third. That the Justice's record shows that the Justice heard the proofs and allegations of the plaintiff below and gave judgment on the thirtieth day of May A. D. 1894, the same being a *dies non juridicus*."

*Ward*, for the plaintiff below.

LORE, C. J., delivered the opinion of the Court.

The statute provides that the Justice shall be satisfied either on the oath of the plaintiff or otherwise, and the record in this case shows that the Justice was satisfied by the statement of the party.

On the second and third exceptions, the Court hold that the 30th day of May, although it is a legal holiday, is not a *dies non* in the sense that the Sabbath is; and that the Justice could lawfully make a forthwith summons returnable, and render judgment on that day.

*Judgment below affirmed.*